FILED
SUPERIOR COURT
OF GUAM

2020 JUL 24 PM 1:58

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

              Plaintiff,

    v.

MONALISA CABRERA KUSTERBECK,
DOB: 03/19/1972

              Defendant.

Criminal Case No. CF0142-20-01

**DECISION AND ORDER**
(Motion for Dismissal)

## INTRODUCTION

This matter came before the Honorable Jonathan R. Quan on June 23, 2020, for a Zoom video-conference hearing upon Defendant MONALISA CABRERA KUSTERBECK's ("Defendant") Motion for Dismissal of Charge (Mar. 13, 2020). Curtis C. Van de veld, Esq. appeared by video on behalf of Defendant. Jeffrey A. Moots, Esq. appeared by video on behalf of Gilberto Florendo Kusterbeck.[1] Assistant Attorney General Christine S. Tenorio appeared by video on behalf of the People of Guam ("the People"). After considering all written submissions, oral arguments, and applicable law, the Court hereby **DENIES** Defendant's Motion for Dismissal of Charge.

---

[1] At the time of this hearing, Defendant and Mr. Kusterbeck were joined as co-defendants in Criminal Case CF0142-20. However, the co-defendants' cases have now been severed and Defendant is now the sole defendant in the instant matter, CF0142-20-01. *See generally* Order (Motion to Sever) (Jun. 24, 2020).

## BACKGROUND

The People allege that on two occasions, one each in 2018 and in 2019, Gilberto Florendo Kusterbeck sexually assaulted a minor female ("the Victim") under Defendant's custody. Decl. Christine Santos Tenorio (Feb. 28, 2020). The People further allege that the Victim reported these assaults to Defendant at some point in 2019. *Id.* However, because Defendant allegedly "forgave" her husband, she allegedly told the Victim "not to tell anyone" about what had occurred. *Id.* The People assert that Defendant's actions amount to the offense of Child Abuse (As a Misdemeanor) in violation of 9 GCA § 31.30(a)(2)(C).

The People filed a Magistrate's Complaint on February 28, 2020, charging Defendant with Child Abuse (As a Misdemeanor) and charging Gilberto Florendo Kusterbeck with Second Degree Criminal Sexual Conduct (As a First Degree Felony). The Magistrate Judge found probable cause to support all charges. On March 5, 2020, the grand jury returned a true bill indicting Defendant on the Child Abuse (As a Misdemeanor) charge.

Defendant now moves this Court to dismiss the Child Abuse charge. Defendant argues that the Magistrate Judge's finding of probable cause was erroneous because the People's Declaration set forth sufficient facts to support the elements of a Child Abuse charge. *See generally* Mot. Dismiss (Mar. 13, 2020). On June 12, 2020, the Court ordered an expedited briefing schedule on this issue. Order RE: Scheduling (Jun. 12, 2020) at 2-3. On June 15, 2020, the People filed a written Opposition to Defendant's Motion to Dismiss for Lack of Probable Cause, and the Defendant filed a Reply to the Opposition on June 18, 2020. The Court heard oral arguments at a Motion Hearing on June 23, 2020. At the hearing, the People requested leave to file additional briefing on the issue of prosecutorial misconduct before the grand jury, an issue first raised by Defendant in her Reply brief. The Court granted leave and on June 30, 2020, the People thereafter filed a Supplemental Brief. On July 6, 2020, Defendant filed a Reply to the Supplemental Brief (Jul. 6, 2020) and the Court took the matter under advisement that same day.

## DISCUSSION

Defendant argues that the Magistrate Judge's finding of probable cause was erroneous. At the outset, the Court notes that probable cause does not mean prima facie evidence of guilt, but rather "reasonable grounds of suspicion." *Locke v. United States*, 7 Cranch 339 (1813). As the U.S. Supreme Court has explained,

> "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved."

*Brinegar v. United States,* 338 U.S. 160, 175 (1949). Thus, the standard of proof to establish probable cause is considerably lower than the standard of proof that would eventually be necessary to convict the defendant at trial.

Under Guam law, the Magistrate Judge properly finds probable cause where the Magistrate's Complaint and accompanying People's Declaration lead him "to believe that an offense has been committed and that the defendant has committed it." 8 GCA § 45.20(a). If the Magistrate Judge does not find probable cause, the Complaint must be dismissed. 8 GCA § 45.20(b). Critically, however, the Magistrate Judge's dismissal "shall not preclude the government from instituting a subsequent prosecution for the same offense." *Id.; see also People v. Rios*, 2008 Guam 22 ¶ 12. Hence, even if the People's Declaration fails to establish probable cause, the People are not barred from prosecuting that defendant; they are only barred from proceeding upon the defective Complaint.

The instant matter no longer proceeds upon the Complaint and People's Declaration. The People have already presented this case to a grand jury, and the grand jury has already returned a true bill. *See* Minute Entry (Mar. 5, 2020) at 3:07:11 P.M. A grand jury returns a true bill "when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b); *see also People v. San Nicolas*, 2013 Guam 21 ¶ 11. In this context, "reasonable cause" is synonymous with "probable cause". *Id.* ¶ 12 n.5; *People v. Sharp*, 2017 Guam 19 ¶ 10. Hence, the return of a true bill "affirms

that the grand jury found probable cause for the charges in the indictment." *San Nicolas*, 2013 Guam 21 ¶ 12.

Therefore, the issue is whether the grand jury's finding of probable cause supersedes the Magistrate Judge's finding of probable cause. Guam law does not squarely answer this question. However, the Guam Supreme Court has looked to California case law in reviewing the role of the grand jury. *See People v. San Nicolas*, 2013 Guam 21 ¶ 21. In *San Nicolas,* the Guam Supreme Court has cited the California rule stating "an indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." *Id.* (citing *Roads v. Superior Court In & For Cnty. Of Siskiyou*, 80 Cal. Rptr. 169, 171 (Ct. App. 1969)). Similarly, the California Supreme Court has held:

> "The duty of determining whether or not an indictment should be found is lodged exclusively in the grand jury and not in the courts. The reviewing court does not substitute its judgment as to the weight of the evidence for that of the grand jury, and must draw all reasonable inferences in favor of the indictment."

*People v. Stark*, 52 Cal.4th 368, 406-07 (Cal. 2011) (internal citations omitted). Applying these principles of deference, the Court does not find it appropriate to interfere with the grand jury's determination of probable cause. To engage in a redetermination of probable cause would be to elevate the Court's own judgment above that of the grand jury. This would conflict with the well-established deference that the Court pays to jury findings. *See id.; see also People v. Sangalang,* 2001 Guam 18 ¶ 39 ("deference must be paid to the jury's role as the body charged with the resolution of facts in dispute").

"An appeal should be dismissed as moot when, by virtue of an intervening event, the appellate court cannot grant effective relief in favor of the appellant." *Town House Dep't Stores v. Ahn,* 2000 Guam 32 ¶ 9. Presumably, this same principle also applies to a trial court acting in a quasi-appellate role, such as when that court is asked to redetermine probable cause. Here, even if the Court were to find that the Magistrate Judge erred in finding probable cause, the Court would not be able to properly grant the relief (dismissal) sought by Defendant. The indictment is now the operative pleading, and the indictment self-evidently demonstrates the existence of probable

cause. The Court therefore declines to reconsider the issue of probable cause in the People's Declaration and declines to dismiss the prosecution against Defendant on this basis.

The Court understands that Defendant's argument has evolved to incorporate allegations of prosecutorial misconduct during the grand jury process. Reply (Jun. 18, 2020) at 5; Reply to Supplemental Brief (Jul. 1, 2020) at 2-4. Prosecutorial misconduct, if proven, may indeed be grounds to dismiss the prosecution. *See, e.g., People of Territory of Guam v. Muna*, 999 F.3d 397, 399 (9th Cir. 1993). Defendant, however, did not raise this argument in her initial Motion and did not present evidence in support of this argument at the Motion Hearing. The Court therefore lacks a sufficient factual basis on which to consider the question of prosecutorial misconduct. If Defendant wishes to pursue this argument, she must request an evidentiary hearing, and she must do so in a separate Motion.

## CONCLUSION

Defendant's Motion for Dismissal of Charge is **DENIED.** However, the Court grants the parties leave to file any additional Motions as may be necessary to effectuate the arguments advanced in the Reply and Supplemental briefing that have not yet been resolved.

**SO ORDERED** on this ___ day of July, 2020.

HONORABLE JONATHAN R. QUAN
Judge *Pro Tempore*, Superior Court of Guam